IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KIOBA PROCESSING LLC,<br><br>  Plaintiff,<br><br>v.<br><br>FROST BANK,<br><br>  Defendant. | Civil Action No. 2:22-cv-_____<br><br>Jury Trial Requested |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Kioba Processing LLC ("Kioba" or "Plaintiff") files this Complaint against Defendant Frost Bank ("Frost" or "Defendant") for infringement of U.S. Patent No. 6,917,902 (the "'902 patent"), U.S. Patent No. 6,931,382 (the "'382 patent"), and U.S. Patent No. 7,107,078 (the "'078 patent") (collectively the "asserted patents" or "the patents-in-suit").

**THE PARTIES**

1. Kioba is a Georgia limited liability company with its principal place of business at 44 Milton Ave., Suite 254, Alpharetta, GA, 30009, USA.

2. On information and belief, Defendant Frost Bank is a bank organized and existing under the laws of Texas. Frost has its headquarters at 111 West Houston Street, San Antonio, Texas 78205. Frost conducts business in this judicial district, including at 5021 W Park Blvd, Plano, TX 75093.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant is subject to personal jurisdiction in this District. Defendant does business in the State of Texas and in this District. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to its substantial business in this State and judicial district, including: (A) at least part of its own infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to Texas residents vicariously through and/or in concert with its subsidiaries, intermediaries, and/or agents. Defendant has conducted and does conduct business within the Eastern District of Texas. Defendant, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and/or advertises (including through its web pages) its products and services (including products and/or services that infringe the asserted patents, as described more particularly below) in the United States, the State of Texas, and the Eastern District of Texas. Defendant, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and/or used by consumers in the Eastern District of Texas. These infringing products and/or services have been and continue to be purchased and/or used by consumers in the Eastern District of Texas. Defendant has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). Defendant has transacted business in this District and committed acts of patent infringement, including inducing direct infringement, in this District. Defendant has regular and established places of business in this District. Defendant maintains brick and mortar offices throughout Texas including, but not limited to, this District. For example, Defendant has locations in this District at 5021 W Park Blvd, Plano, TX 75093.

## THE ASSERTED PATENTS

7. The '902 patent is titled "System and method for processing monitoring data using data profiles." The inventions disclosed and claimed by the '902 patent relate to new and novel systems and methods for processing device data to provide authentication and/or security services. And more particularly, using unique data sets (e.g., biometric data) to ensure the identity of an individual, object, or event. The inventions further relate to using various monitoring mechanisms to verify the end user's identity.

8. The '902 patent lawfully issued on July 12, 2005.

9. The named inventor of the '902 patent is Bruce Alexander.

10. Each claim in the '902 patent is presumed valid.

11. Each claim in the '902 patent is directed to patent eligible subject matter under 35 U.S.C. § 101.

12. The specification of the '902 patent discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed by the '902 patent resolve or overcome those shortcomings. The '902 patent explains "[s]ome monitoring systems, such as security monitoring devices, have begun to incorporate biometric data monitoring devices, such as fingerprint scanners, retinal scanners, or facial recognition devices as part of a monitoring process. Although biometric monitoring devices can potentially facilitate the identification of individuals,

objects and/or events, many traditional monitoring systems have not incorporated various biometric monitoring devices as part of an integrated monitoring process." '902 patent, 1:42-50. The '902 patent further explains that "some incoming biometric data is incompatible with the typical reference sources and/or processing rules. Thus, the use of biometric identification devices as part of an overall monitoring process is still limited. In addition to the lack of ability to integrate biometric data processing as part of a monitoring process, many traditional monitoring systems do not provide or support robust data sources required by the traditional biometric identification devices. One skilled in the relevant art will appreciate that biometric identification tools require the use of data templates and data rules that are used to process biometric sample data coming in from the monitoring devices." *Id.* at 1:54-66. At the time of the invention, "many closed monitoring systems [could not] efficiently support various biometric identification devices" or could not "utilize an external data template source if the data is maintained in an incompatible format." *Id.* at 2:3-9. The '902 patent recognized this drawback and solved the "need for a system and method for centrally processing and distributing biometric data templates and data rules to one or more processing systems," as well as the "need for a system and method for processing specific instances and types of biometric data." *Id.* at 2:13-17. The techniques for monitoring and processing device data disclosed and claimed by the '902 patent were not routine or conventional at the time of their invention.

13. The '382 patent is titled "Payment instrument authorization technique." The inventions claimed in the '382 patent generally relate to a new and novel approach to protect against fraudulent credit and debit card activity.

14. The '382 patent lawfully issued on August 16, 2005.

15. The named inventors of the '382 patent are Dominic P. Laage and Maria T. Laage.

16. Each claim in the '382 patent is presumed valid.

17. Each claim in the '382 patent is directed to patent eligible subject matter under 35 U.S.C. § 101.

18. The specification of the '382 patent discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed by the '382 patent resolve or overcome those shortcomings. The '382 patent explains online commerce creates numerous security risks associated with the storage of "sensitive financial data." '382 patent, 2:7-17. Online commerce presents numerous risks for both consumers and merchants. *Id.* Among other things, merchants face risks associated with fraudulent and unauthorized use. *See, e.g., id.* at 2:24-58. Similarly, consumers face risks associated with unauthorized access to their financial data. *See, e.g., id.* at 2:59-63. The '382 patent recognized these problems and the need for "a system and method for providing assurance to the merchant that the person attempting to make a purchase with a payment instrument is in fact the authorized user of the instrument. There also exists a need for a system and method that allows a merchant to prove that the authorized cardholder actually made the transaction. There also exists a need for a system and method for reducing the likelihood of a cardholder's issuing bank authorizing a fraudulent online transaction." *Id.* at 2:64-3:5. After identifying shortcomings in the prior art, the '382 patent provides technical solutions for preventing fraud and unauthorized transactions. More specifically, the patent discloses "technique[s] for strongly authenticating the owner of [a] payment instrument[]" and "a process by which owners of payment instruments [] have control over the usage of their payment instruments by giving them the ability selectively to block and unblock their payment instruments." *See, e.g., id.* at 3:8-21. The techniques for selectively blocking and unblocking

payment instruments disclosed and claimed by the '382 patent were not routine or conventional at the time of their invention.

19. The '078 patent is titled "Method and system for the effecting payments by means of a mobile station." The inventions claimed in the '078 patent generally relate to a new and novel user interfaces and methods for effecting mobile payments.

20. The '078 patent lawfully issued on September 12, 2006.

21. The named inventor of the '078 patent is Mariette Lehto.

22. Each claim in the '078 patent is presumed valid.

23. Each claim in the '078 patent is directed to patent eligible subject matter under 35 U.S.C. § 101.

24. The specification of the '078 patent discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed by the '078 patent resolve or overcome those shortcomings. The '078 patent recognized that the burgeoning mobile payment systems did not allow for a convenient "way to select the method of payment for a particular situation that has arisen based on current circumstances or the user's wishes." *See, e.g.,* '078 patent, 1:36-47. The '078 patent "makes it possible to offer the user a variety of user-selectable alternatives, suitable for the particular purchase, for making a payment." *Id.* at 3:12-15. The '078 patent overcame this shortcoming by providing a secure interface for a user to select a preferred payment method. Additionally, the '078 patent recognized the benefits of using a network application to store user-specific information relating to payments, such as credit card numbers and encryption data. *Id.* at 3:21-25. Among other things, this solution provides the user with the ability to select a secure payment method, while avoiding the risks associated with storing payment information on a mobile terminal. The techniques for securely storing and presenting payment information

disclosed and claimed by the '078 patent were not routine or conventional at the time of their invention.

## COUNT I
### (Infringement of U.S. Patent No. 6,917,902)

25. Plaintiff incorporates paragraphs 1 through 24 herein by reference.

26. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

27. Plaintiff is the owner of the '902 patent with all substantial rights to the '902 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

28. The '902 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

29. Defendant has infringed one or more claims of the '902 patent in this judicial district and elsewhere in Texas and the United States.

30. On information and belief, Defendant has either by itself or via an agent, infringed at least claim 1 of the '902 patent by, among other things, assessing data received from a device attempting to access account information or services through Frost websites (e.g., frostbank.com) or mobile apps (e.g., Frost App) to determine whether access should be granted.

31. Attached hereto as Exhibit A, and incorporated herein by reference, is a claim chart detailing how Defendant infringes the '902 patent.[1]

32. Defendant is liable for its infringement of the '902 patent pursuant to 35 U.S.C. § 271.

---

[1] The chart attached as Exhibit A is illustrative and provided for purposes of satisfying Plaintiff's pleading obligations and should not be construed as limiting. Plaintiff will serve infringement contentions in this case in accord with the Local Rules and schedule entered by the Court.

33. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34. Plaintiff has complied with the requirements of 35 U.S.C. § 287 and is entitled to collect damages for Defendant's infringements of the '902 patent.

### WILLFUL INFRINGEMENT

35. Prior to the filing of this action Defendant was aware of the '902 patent.

36. Plaintiff sent Defendant a letter providing notice of its infringement of the '902 patent in October 2021.

37. Defendant has been, or should have been, aware of its infringement of the '902 patent since at least its receipt of the October 2021 communication.

38. On information and belief, despite being aware of the '902 patent and its infringement of the '902 patent, Defendant has not changed or otherwise altered its practices in an effort to avoid infringing the '902 patent. Rather, despite having notice of the '902 patent, Defendant has, and continues to, infringe the '902 patent in disregard to Plaintiff's patent rights.

39. Defendant has acted recklessly and/or egregiously, and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '902 patent, justifying a finding of willful infringement and an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

### COUNT II
### (Infringement of U.S. Patent No. 6,931,382)

40. Plaintiff incorporates paragraphs 1 through 39 herein by reference.

41. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

42. Plaintiff is the owner of the '382 patent with all substantial rights to the '382 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

43. The '382 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**DIRECT INFRINGEMENT (35 U.S.C. §271(a))**

44. Defendant has infringed one or more claims of the '382 patent in this judicial district and elsewhere in Texas and the United States.

45. On information and belief, Defendant has either by itself or via an agent, infringed at least claim 6 of the '382 patent by, among other things, testing and implementing its "Freeze/Unfreeze Card" service.

46. Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing how support of the Freeze/Unfreeze Card services infringes the '382 patent.[2]

47. To the extent Defendant contends that the step of claim 6 that recites "communicating by the authorized instrument holder, prior to a transaction or multiple transactions, with an authentication function to subject the authorized instrument holder to authentication and to request that the payment instrument be unblocked for future payment authorizations" (or some other step of the asserted claims) is performed by Defendant's customers or end users of its services, Plaintiff contends that Defendant is responsible for such performance; Defendant directs and controls such performance because Defendant conditions a benefit to its customers and end users

---

[2] The chart attached as Exhibit B is illustrative and provided for purposes of satisfying Plaintiff's pleading obligations and should not be construed as limiting. Plaintiff will serve infringement contentions in this case in accord with the Local Rules and schedule entered by the Court.

(e.g., the ability to prevent unauthorized use of Frost credit or debit cards) based on its customers' and end users' performance of steps that were established by Defendant (e.g., the series of steps required by Defendant's websites and/or apps for customers/end users to log in to a Frost website or app and unblock a Frost card), and which Defendant does not allow its customers and end users to alter.

48. Defendant is liable for its infringement of the '382 patent pursuant to 35 U.S.C. § 271.

49. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

50. Plaintiff has complied with the requirements of 35 U.S.C. § 287 and is entitled to collect damages for Defendant's infringements of the '382 patent.

## WILLFUL INFRINGEMENT

51. Prior to the filing of this action Defendant was aware of the '382 patent.

52. Plaintiff sent Defendant a letter providing notice of its infringement of the '382 patent in October 2021.

53. Defendant has been, or should have been, aware of its infringement of the '382 patent since at least its receipt and review of the October 2021 communication.

54. On information and belief, despite being aware of the '382 patent and its infringement of the '382 patent, Defendant has not changed or otherwise altered its practices in an effort to avoid infringing the '382 patent. Rather, despite having notice of the '382 patent, Defendant has, and continues to, infringe the '382 patent in disregard to Plaintiff's patent rights.

55. Defendant has acted recklessly and/or egregiously, and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '382 patent, justifying a finding of willful infringement and an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT III
### (Infringement of U.S. Patent No. 7,107,078)

56. Plaintiff incorporates paragraphs 1 through 55 herein by reference.

57. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

58. Plaintiff is the owner of the '078 patent with all substantial rights to the '078 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

59. The '078 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

60. Defendant has infringed one or more claims of the '078 patent in this judicial district and elsewhere in Texas and the United States.

61. On information and belief, Defendant has either by itself or via an agent, infringed at least claim 6 of the '078 patent by, among other things, making and using, including via at least its testing of, systems that support payment functionality for Defendant's mobile apps, including Frost App.

62. Attached hereto as Exhibit C, and incorporated herein by reference, is a claim chart detailing how Defendant infringes the '078 patent.[3]

---

[3] The chart attached as Exhibit C is illustrative and provided for purposes of satisfying Plaintiff's pleading obligations and should not be construed as limiting. Plaintiff will serve infringement contentions in this case in accord with the Local Rules and schedule entered by the Court.

63. Defendant is liable for its infringement of the '078 patent pursuant to 35 U.S.C. § 271.

**INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))**

64. Based on the information presently available to Plaintiff, absent discovery, and in addition to and in the alternative to direct infringement, Plaintiff contends that Defendant has indirectly infringed one or more claims of the '078 patent by inducing direct infringement by end users of the systems that support payment functionality for Defendant's mobile apps, including Frost App.

65. Defendant had knowledge of the '078 patent since at least as October 2021, when Defendant was notified of the '078 patent and its infringement of the '078 patent. Specifically, in October 2021, Plaintiff's counsel sent Defendant correspondence articulating Defendant's infringement of the '078 patent.

66. On information and belief, despite having knowledge of the '078 patent, Defendant specifically intended for persons who use the systems that support payment functionality for Defendant's mobile apps, including Frost App, including Defendant's customers and end consumers, to make and use such systems in a way that infringes the '078 patent, including at least claim 6 as illustrated in Exhibit C, and Defendant knew or should have known that its actions were inducing infringement.

67. Defendant instructs and encourages users to make and use the systems that support payment functionality for Defendant's mobile apps, including Frost App in a manner that infringes the '078 patent. For example, Defendant's website includes advertising and instructions encouraging customers to use the systems that support payment functionality for Defendant's

mobile apps, including Frost App, including, for example, https://www.frostbank.com/online-mobile/android and https://www.frostbank.com/online-mobile/iphone.html.

68. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

69. Plaintiff has complied with the requirements of 35 U.S.C. § 287 and is entitled to collect damages for Defendant's infringements of the '078 patent.

## WILLFUL INFRINGEMENT

70. Prior to the filing of this action Defendant was aware of the '078 patent

71. Plaintiff sent Defendant a letter providing notice of its infringement of the '078 patent in October 2021.

72. Defendant has been, or should have been, aware of its infringement of the '078 patent since at least its receipt and review of the October 2021 communication.

73. On information and belief, despite being aware of the '078 patent and its infringement of the '078 patent, Defendant has not changed or otherwise altered its products in an effort to avoid infringing the '078 patent. Rather, despite having notice of the '078 patent, Defendant continues to infringe the '078 patent, directly and/or indirectly, in deliberate disregard to Plaintiff's patent rights.

74. Defendant has acted recklessly and/or egregiously, and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '078 patent, justifying a finding of willful infringement and an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the asserted patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that one or more claims of the asserted patents have been willfully infringed, either literally and/or under the doctrine of equivalents, by Defendant;

c. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

d. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

e. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f. Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

g. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 18, 2022

Respectfully submitted,

/s/ *Jonathan H. Rastegar*
Jonathan H. Rastegar
Texas Bar No. 24064043
T. William Kennedy Jr.
Texas Bar No. 24055771
Ryan Griffin
Texas Bar No. 24053687

**NELSON BUMGARDNER CONROY**
2727 North Harwood Street
Suite 250
Dallas, TX 75201
Tel: (817) 377-9111
Fax: (817) 377-3485
jon@nelbum.com
bill@nelbum.com
ryan@nelbum.com

Attorneys for Plaintiff
**KIOBA PROCESSING LLC**